UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARLYN GONZALEZ,

          Plaintiff,

    v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

         Defendant.

_____

                **DECISION**
                 **and**
                **ORDER**

            **19-CV-00346-LGF**
             **(consent)**

APPEARANCES:      LAW OFFICES OF KENNETH R. HILLER
                Attorneys for Plaintiff
                KENNETH R. HILLER, and
                ELIZABETH HUANGS, and
                ANTHONY JOHN ROONEY, of Counsel
                6000 Bailey Avenue
                Suite 1A
                Amherst, New York 14226

                JAMES P. KENNEDY, JR.
                UNITED STATES ATTORNEY
                Attorney for Defendant
                Federal Centre
                138 Delaware Avenue
                Buffalo, New York 14202, and

                ALEXANDER BROCHE
                Special Assistant United States Attorney, of Counsel
                Social Security Administration
                Office of the General Counsel, of Counsel
                26 Federal Plaza, Room 3904
                New York, New York 10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

**JURISDICTION**

On October 14, 2020, this case was reassigned to the undersigned before whom

the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this

Court's June 29, 2018 Standing Order.  (Dkt. No. 18).  The court has jurisdiction over

the matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on

motions for judgment on the pleadings, filed on January 28, 2020, by Plaintiff (Dkt. No.

13), and on May 15, 2020, by Defendant (Dkt. No. 16).

**BACKGROUND and FACTS**

Plaintiff Marlyn Gonzalez ("Plaintiff"), brings this action pursuant to the Social

Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the

Commissioner" or "Defendant") decision denying her applications for Social Security

Disability Benefits ("SSDI") benefits under Title II of the Act and Supplemental Security

Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff, born on July 4,

1978 (R. 16),[2]  lives with her six children (R. 37), has an eighth-grade education, and

alleges that she became disabled on June 30, 2014, when she stopped working as a

result of depression and bi-polar disorder.  Plaintiff's disability application was initially

denied by Defendant on October 19, 2015 (R. 56), and pursuant to Plaintiff's request, a

hearing was held before Administrative Law Judge Maria Herrero-Jaarsma ("Judge

Herrero-Jaarsma" or "the ALJ") on January 26, 2018 (R. 77-83), where Plaintiff,

represented by Albert V. Loman, Jr., Esq. ("Mr. Loman"), appeared and testified.  (R. 6-

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on August 8, 2019.  (Dkt. No. 6).

24).   Vocational Expert Eric David Dennison ("the VE" or "VE Dennison"), also appeared

and testified.  (R. 25-63).  On January 16, 2019, Plaintiff filed an appeal with the

Appeals Council, who, upon denying review of Plaintiff's claim rendered Judge Herrero-

Jaarsma's decision the final decision of the Commissioner for judicial review.  This

action followed on January 23, 2019, with Plaintiff alleging that the ALJ erred by failing

to find her disabled.  (Dkt. No. 1).

On January 28, 2020, Plaintiff filed a motion for judgment on the pleadings

("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 13-1) ("Plaintiff's

Memorandum").  Defendant filed, on May 15, 2020, Defendant's motion for judgment on

the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No.

16-1) ("Defendant's Memorandum").  On June 5, 2020, Plaintiff filed a reply to

Defendant's memorandum ("Plaintiff's Reply").  (Dkt. No. 17).  Oral argument was

deemed unnecessary.

## BACKGROUND and FACTS

On September 16, 2014, Plaintiff underwent a psychiatric diagnostic review by

Child and Family Services in Buffalo, New York, where Gretchen Szymanski, LMSW

("Ms. Szymanski") and Margaret Gibb, LMHC ("Ms. Gibb"), noted that Plaintiff reported

anxiety and depression, difficulty managing her children, feeling overwhelmed, crying, a

history of domestic abuse, and diagnosed Plaintiff with post-traumatic stress disorder

("PTSD").  (R. 278-88).

Upon providing mental health counseling to help Plaintiff develop strategies for

coping with stress on December 10, 2014 (R. 307), December 30, 2014 (R. 308),

January 15, 2015 (R. 308), January 21, 2015 (309), January 28, 2015 (R. 315),

February 26, 2015 (R. 316), March 5, 2015 (R. 316), March 24, 2015 (R. 318), March

31, 2015 (R. 319), and April 1, 2015 (R. 320), Ms. Gibb noted that Plaintiff was alert,

had appropriate eye contact and social skills, logical thought processes and content.

On April 21, 2015, Kristin McKenzie, D.N.P. ("N.P. MacKenzie"), completed an

initial psychiatric evaluation of Plaintiff, noted that Plaintiff reported daily depression,

and an "okay" mood, evaluated Plaintiff with organized, logical and goal-directed

thought processes, concrete thinking, fair judgment, and diagnosed Plaintiff with bipolar

disorder with mixed symptoms of depression and mania and PTSD.  (R. 296-303).

On September 4, 2015, Ms. Gibb completed a mental functional limitation

evaluation form on Plaintiff, and evaluated Plaintiff with the ability to function

independently and follow work rules more than eighty-one percent of each workday,

interact appropriately with supervisors, coworkers and the public and maintain

concentration and attention sixty to eighty percent of each workday, and deal with work

stress and respond appropriately to work changes thirty to fifty-nine percent of each

workday.  (R. 357).

On September 24, 2015, Kristina Luna, Psy.D. ("Dr. Luna"), completed a

consultative psychiatric evaluation of Plaintiff, and evaluated Plaintiff with no limitations

to Plaintiff's ability to follow and understanding simple directions and instructions,

performing simple tasks independently, learning new tasks, make appropriate decisions,

and relate adequately with others, and moderate limitations to maintain attention and

concentration and a regular schedule, perform complex tasks independently, and

appropriately deal with stress.  (R. 266).

Ms. Gibb noted that Plaintiff's PTSD and bipolar disorder was medically managed
with improved symptoms on January 26, 2015 (R. 320), January 28, 2015 (R. 332),
April 3, 2016 (R. 477), January 11, 2017 (R. 492), March 10, 2017 (R. 638), and April 1,
2017 (R. 320).

On January 11, 2017, Psychiatric Nurse Practitioner Katherine Hage ("N.P.
Hage"), noted that Plaintiff reported a recent episode of anger, and evaluated Plaintiff
with improved depression, moderate anxiety, fair energy and motivation, good
concentration and focus, several episodes of irritability, one emotional outburst, and no
hypomania.  (R. 477).

On May 27, 2017, LMHC Iana Lal ("Ms.  Lal"), completed an adult
comprehensive assessment on Plaintiff, noted that Plaintiff reported issues managing
her anxiety and depression because of increased stress from raising her six children,
hypervigilance, mood irritability, panic attacks, poor sleep, a strong connection with her
children, and evaluated Plaintiff with congruent mood and affect, clear and coherent
speech, good eye contact, cooperative attitude, good concentration, normal thought
content, organized and logical thought processes, and good recent and remote memory
and judgment.  (R. 596-99).

### DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is
not disabled if the factual findings are not supported by substantial evidence, or the
decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*,
335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant

evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d

126, 131 (2d Cir. 2000).

## A.      Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding

disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law

judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402

U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a

reasonable person would "accept as adequate to support a conclusion." *Consolidated*

*Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the

Commissioner must consider "objective medical facts, diagnoses or medical opinions

based on these facts, subjective evidence of pain or disability (testified to by the

claimant and others), and . . . educational background, age and work experience."

*Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645

F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by

medically acceptable techniques and results from frequent examinations, and the

opinion supports the administrative record, the treating physician's opinion will be given

controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. §

404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be

affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d

at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4]  42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of bipolar disorder with mixed depression and mania, PTSD, anxiety disorder with panic

attacks, Plaintiff's impairments do not meet or medically equal a listed impairment,

Plaintiff had the residual functional capacity to perform a full range of work at all

exertional levels with limitations to no driving motor vehicles or machinery, avoid loud

noises, off-task five percent of the day in addition to regularly scheduled breaks, the

ability to follow and understand simple routine directions and instructions, perform

simple tasks independently and make simple work-related decisions, no supervisory

work, no work at production pace rate, no fast-moving assembly line work, no

independent decision making required except with respect to simple routine decisions,

few, if any, changes in workplace routine processes or setting, work that does not

require a high level of detail, occasional contact and interaction with supervisors and co-

workers, incidental contact with the public, independent work, or work that can generally

be performed isolated from others (R. 13-14).  The ALJ further determined that Plaintiff

has no past relevant work and that jobs exist that a person of Plaintiff's age, educational

background and residual functional capacity would be capable of performing that

include the occupations of cleaner, drying room attendant and garment sorter. (R. 17).

Plaintiff does not contest the ALJ's findings at steps one through three of the disability

review process but contends that the ALJ erred in evaluating Plaintiff's residual

functional capacity assessment.

B.  **Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically

determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that

significantly limits the claimant's physical and mental ability to do work activities, *Berry*,

675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to

meet the criteria established for an impairment listed under Appendix 1, the burden

shifts to the Commissioner to show that despite the claimant's severe impairment, the

claimant has the residual functional capacity to perform alternative work, 20 C.F.R.

§ 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is

able to perform in light of the claimant's physical capabilities, age, education,

experience, and training.  *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  To make

such a determination, the Commissioner must first show that the applicant's impairment

or impairments are such that they nevertheless permit certain basic work activities

essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d

Cir. 1981).  Specifically, the Commissioner must demonstrate by substantial evidence

the applicant's "residual functional capacity" with regard to the applicant's strength and

"exertional capabilities."  *Id.*    An individual's exertional capability refers to the

performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*,

647 F.2d at 294*.*  In addition, the Commissioner must establish that the claimant's skills

are transferrable to the new employment if the claimant was employed in a "semi-

skilled" or "skilled" job.  *Id.* at 294.  This element is particularly important in determining

the second prong of the test, whether suitable employment exists in the national

economy.  *Id.* at 296.

The Second Circuit requires that all complaints . . . must be considered together

in determining . . . work capacity.  *DeLeon v. Secretary of Health and Human Services,*

734 F.2d 930, 937 (2d Cir. 1984).  Once an ALJ finds a disability claimant does not

have a severe medically determinable physical or mental impairment, 20 C.F.R. §

404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do

work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on

medical evidence, to meet the criteria established for an impairment listed under

Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's

severe impairment, the claimant has the residual functional capacity to perform past

work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that

the claimant is able to perform in light of the claimant's physical capabilities, age,

education, experience, and training.  *Parker*, 626 F.2d 225 at 231.  It is improper to

determine a claimant's residual work capacity based solely upon an evaluation of the

severity of the claimant's individual complaints.  G*old v. Secretary of Health and Human

Services*, 463 F.2d 38, 42 (2d Cir. 1972).

Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff

is without support of substantial evidence, as the ALJ, by improperly affording only

partial weight to the findings of Ms. Gibb and Dr. Luna, created a gap in the record.

Plaintiff's Memorandum at 14-15.  Plaintiff also argues that the ALJ further erred by

substituting the ALJ's own judgement for that of medical experts, failing to provide good

reasons for determining that Plaintiff would be off-task five percent of each workday and

was capable of working in a low stress work environment, finding that Plaintiff's

impairments improved with medication, and assessing Plaintiff's credibility.  Plaintiff's

Memorandum at 15-23.  Defendant maintains that the ALJ provided sufficient reasons

for affording partial weight to the opinions of Ms. Gibb and Dr. Luna, included work

limitations from Ms. Gibb and Dr. Luna's findings in the ALJ's residual functional

capacity assessment of Plaintiff and properly evaluated Plaintiff's credibility.

Defendant's Memorandum at 5-15.  Plaintiff's contentions are without merit.

In this case, the ALJ afforded only partial weight to Ms. Gibb's mental functional limitation evaluation of Plaintiff on September 4, 2015, finding Ms. Gibb's opinion that Plaintiff was capable of dealing with work stress and responding appropriately to changes in a routine work environment only thirty to fifty-nine percent of each workday (R. 357), inconsistent with Ms. Gibb's treatment of Plaintiff during 2014 and 2015, and Plaintiff's improved symptoms.  (R. 16).  The ALJ afforded only partial weight to Dr. Luna's opinion that Plaintiff had moderate limitations to maintaining attention, concentration and a regular schedule, performing complex tasks independently and appropriately dealing with stress, finding that Dr. Luna evaluated Plaintiff only once on September 24, 2015, and did not take Plaintiff's improvement into account.  (R. 16).

The ALJ's finding that Ms. Gibb's evaluation of Plaintiff on September 4, 2015, is inconsistent with Ms. Gibb's ongoing treatment of Plaintiff and other evidence in the record is supported by substantial evidence.  In particular, on April 21, 2015, N.P. McKenzie noted that Plaintiff reported an "okay" mood, and evaluated Plaintiff with organized, logical and goal-directed thought processes, concrete thinking and fair judgment (R. 296-303), Ms. Gibb noted that Plaintiff's PTSD and bipolar disorder was medically managed with improved symptoms on January 26, 2015 (R. 320), January 28, 2015 (R. 332), April 3, 2016 (R. 477), January 11, 2017 (R. 492), March 10, 2017 (R. 638), and April 1, 2017 (R. 320), N.P. Hage evaluated Plaintiff with improved depression, fair energy and motivation, good concentration and focus, and no hypomania on January 11, 2017 (R. 477), on May 27, 2017, Ms. Lal evaluated Plaintiff with a cooperative attitude, good concentration, normal thought content, organized and logical thought processes, good recent and remote memory and good judgment (R.

596-99).  Absent evidence of any additional limitations that would otherwise erode

Plaintiff's ability to function, *i.e.,* a full range of work at all exertional levels with

limitations to no driving motor vehicles or machinery, avoid loud noises, off task five

percent of the day in addition to regularly scheduled breaks, able to follow and

understand simple routine directions and instructions, perform simple tasks

independently and make simple work-related decisions, no supervisory work, no work at

production pace rate, no fast-moving assembly line work, no independent decision

making required except with respect to simple routine decisions, few, if any, changes in

workplace routine processes or setting, work that does not require a high level of detail,

occasional contact and interaction with supervisors and co-workers, incidental contact

with the public, independent work, or work that can generally be performed isolated

from others (R. 13-14), the ALJ's residual functional capacity assessment of Plaintiff is

supported by substantial evidence.  (R. 16).  *See Reynolds v. Commissioner of Social*

*Security*, 2019 WL 2020999, at *4 (W.D.N.Y. May 8, 2019) (the burden to demonstrate

functional limitations is the claimant's).  Plaintiff's motion on this issue is therefore

DENIED.

   Consistent with Ms. Gibb's opinion that Plaintiff was capable of interacting

appropriately with supervisors, coworkers and the public and maintaining concentration

and attention sixty-to-eighty percent of each day, functioning independently and

following work rules more than eighty-one percent of each day, dealing with work stress

and responding appropriately to work changes thirty to fifty-nine percent of each

workday (R. 357), and Dr. Luna's opinion that Plaintiff had no limitations to following and

understanding simple directions and instructions, performing simple tasks

independently, learning new tasks, making appropriate decisions, and moderate

limitations to maintaining concentration and attention and a regular schedule,

performing complex tasks independently, and appropriately dealing with stress (R. 366),

the ALJ's residual functional capacity assessment limited Plaintiff to low stress, simple

work with no more than simple, routine directions and instructions, no work at

production pace or assembly line work, no work that requires a high level of attention,

and the ability to be off-task five percent of each workday (R. 14), a residual functional

capacity that incorporated the findings of Ms. Gibb and Dr. Luna. *See Gomez v.*

*Commissioner of Social Security,* 2020 WL 1322565, at *4-5 (W.D.N.Y. Mar. 20, 2020)

(residual functional capacity that limits claimant to simple routine tasks in low stress

work accounts for moderate-to-marked limitations dealing with stress).

Plaintiff's further contention, Plaintiff's Memorandum at 20-23, that the ALJ erred

in evaluating Plaintiff's credibility is also without merit.  Here, the ALJ, as required, upon

evaluating Plaintiff's impairments under 20 C.F.R. §§ 404.1520(d), 404.1525 and

404.1526, determined that although the record established Plaintiff had the severe

impairments of bipolar disorder with mixed depression and mania, PTSD, anxiety

disorder with panic attacks, Plaintiff's statements concerning the intensity, persistence

and limiting effects of Plaintiff's symptoms were not credible to the extent the

statements were inconsistent with Plaintiff's testimony.  (R. 15).  The ALJ further based

Plaintiff's credibility assessment on Plaintiff's inconsistent reports of activities of daily

living (R. 16), Plaintiff's medication and treatment history, and Plaintiff's improved

symptoms while taking her medication as prescribed.  (R. 15).

It is the function of the ALJ, not the court, to assess the credibility of witnesses. *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013). Pain or other symptoms may be important factors contributing to a disability claimant's functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).

In this case, ALJ's credibility finding on Plaintiff is supported by substantial evidence in the record.  In particular, Ms. Gibb noted that Plaintiff's PTSD and bipolar disorder was medically managed with improved symptoms on January 26, 2015 (R. 320), January 28, 2015 (R. 332), April 3, 2016 (R. 477), January 11, 2017 (R. 492), March 10, 2017 (R. 638), and April 1, 2017 (R. 320).  Although Plaintiff testified that she was unable to do anything (R. 53), does not socialize or take public transportation (R. 55), the record supports that Plaintiff is capable of using public transportation (R. 365), cares for her six children on a daily basis, and does household chores that include laundry, cleaning and meal preparation. (R. 16, 209-10).  In accordance with foregoing, the ALJ's credibility assessment of Plaintiff was based on a thorough discussion of Plaintiff's testimony, Plaintiff's reported activities of daily living, and improved symptoms,

(R. 15-16), and is supported by substantial evidence in the record that contradicts

Plaintiff's allegations of limitations from her mental impairments.  The ALJ's credibility

assessment is therefore based on substantial evidence sufficiently accounted for in the

ALJ's residual functional capacity assessment of Plaintiff.  Plaintiff's motion for remand

on the issues of Plaintiff's credibility is thus without merit and is DENIED.  *See Sloan v.*

*Colvin,* 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ evaluated

Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting

medical evidence).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. No. 13) is DENIED; Defendant's

motion (Dkt. No. 16) is GRANTED.  The Clerk of the Court is ordered to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      January 5, 2020
                 Buffalo, New York